Ge Qu, Esq.
HANG & ASSOCIATES, PLLC
136-20 38th Avenue, Ste 10G
Flushing, NY 11355
Tel: (718) 353-8588
Email:rqu@hanglaw.com
*Attorneys for Plaintiff(s)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
--------------------------------------------------------------X

Jin Lin Yuan, *individually and on*
*behalf of all others similarly*                            Case No:
*situated,*

                                    Plaintiff,

                    v.

JC 97 INC. d/b/a Shanghai Best,                **COLLECTIVE ACTION**
"Allen" (first name unknown) Lau,              **COMPLAINT**


                                    Defendants.
--------------------------------------------------------------X


        Plaintiff Jin Lin Yuan ("Plaintiff"), on behalf of himself and all others similarly situated,

by and through his attorneys, Hang & Associates, PLLC, hereby brings this complaint against

Defendants JC 97 INC. d/b/a Shanghai Best ("Corporate Defendant"), "Allen" Lau ("Individual

Defendant") (collectively "Defendants") and alleges as follows:

                                    **INTRODUCTION**

        1.        This is an action brought by Plaintiff on his own behalf and on behalf of similarly

situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"), arising from Defendants' various

willful and unlawful employment policies, patterns and/or practices.

1

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to NJWHL that he is entitled to recover from  the Defendants: (1) minimum wages, (2) unpaid overtime compensation, (3) liquidated damages; ; (4) prejudgment and post-judgment interest; and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C.  §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey Wage and Hour Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

1.       Plaintiff Jin Lin Yuan ("Plaintiff" or "Yuan") is an individual residing in Queens, New York.

2.      From approximately January 2014 to August 10, 2018, Plaintiff was employed by Defendants in their restaurant located at 95 Montgomery Street, Jersey City, NJ 07302 as a delivery worker.

2

## DEFENDANTS

*Corporate Defendant*

3.      Upon information and belief, Defendants operate a restaurant enterprise with a principal place of business at 95 Montgomery Street, Jersey City, NJ 07302[1].

4.      Upon information and belief, Defendant JC 97 Inc. is a domestic business corporation organized under the laws of the State of New Jersey. The name and address of the registered agent is EN ZE DU, 40 NEWPORT PKWY #303, JERSEY CITY, NJ 07310.

5.      Upon information and belief, Defendant, JC 97 Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

6.      Upon information and belief, JC 97 Inc. purchased and handled goods moved in interstate commerce. For instance, JC 97 Inc. has employees who worked on food produce and cooking supplies originated outside the State of New Jersey.

*Owner/ Operator Defendants*

7.      Upon information and belief, Defendant "Allen" Lau is the manager  of JC 97 INC. d/b/a Shanghai Best whose principle place of business is located at 95 Montgomery Street, Jersey City, NJ 07302 and  participated in  the  day-to-day  operations  of  Shanghai Best and  acted intentionally  and  maliciously  and  is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; and  NJWHL §34:11-56a et seq. and the regulations thereunder, N.J.A.C. 12:56 et seq.; and  is  jointly  and  severally  liable with JC 97 Inc.

---

[1] Employer's address is shown as 97 Montgomery Street, Jersey City, NJ 07302 on W-2 issued to Plaintiff Yuan, but public information shows an address at 95Montgomery Street.

1.     Upon information and belief, Defendant "Allen" Lau owns the stock of JC 97 Inc. and manages and makes all business decisions such as determines the wages and compensation of the employees of Defendants, including that of Plaintiff, and establishes work schedules and work load of the employees, maintains employee records, and has the authority to hire and fire employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

2.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

3.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

4.    This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

5.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

6.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

7.      Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

8.      Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

9.      Defendants committed the following alleged acts knowingly, intentionally and willfully.

10.      Defendants knew that the nonpayment of minimum wage and overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

11.      From approximately January 2014 to August 10, 2018, Defendants hired Plaintiff to work as a delivery worker for their restaurant, Shanghai Best.

12.      "Allen" Lau interviewed and hired Plaintiff.

13.      "Allen" Lau supervised Plaintiff's work.

14.      "Allen" Lau controlled Plaintiff's work schedule and determined his rate of pay.

15.      "Allen" Lau had access to employee records at JC 97 Inc. including handling payroll to employees including Plaintiff.

16.      Throughout his employment with Defendants, Plaintiff worked six days a week with Wednesday off following the same schedule: Monday through Thursday, from 10:00 am to 10:00 pm, and Friday through Sunday, from 9:30 am to 9:30pm. There are two scheduled 30-minute meal breaks: lunch at 2:30pm and dinner at 8:30pm. Nonetheless, Plaintiff was required to be on standby for delivery orders during the meal breaks and must continue to work if orders come in.  As a result, Plaintiff worked about 72 hours per week.

17.     Defendants provide employees with transportation between Flushing, Queens and Jersey City via a Ford van. Plaintiff was required to start his workday by picking up other employees at Flushing, Queens in the morning and drives the them to Jersey City where the restaurant is located. Sometimes "Allen" Lau does the driving, but Plaintiff was required to ride in the van.

18.     Throughout his employment with Defendants, Plaintiff was not required to punch time card or otherwise to track his work hours. Nor to Plaintiff's knowledge did Defendants use any time tracking devices such as punch cards or sign-in sheets.

19.     Despite the long hours worked by Plaintiff, Defendants paid him $1500 per month part cash, part check.

20.     Throughout his employment with Defendants, Plaintiff was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

21.     Throughout his employment with Defendants, Plaintiff was not overtime-exempt under federal and state laws.

22.     Throughout his employment, Defendants have had at least 12-14 employees, including 5 deliver workers, 8 to 9 waiting staff.

23.     Plaintiff identifies at least 4 other delivery workers who were subject to the same employment and payroll practices as Plaintiff: a Pengfei Ji, "Xiao Chen", Changsun Jin, and "Da Peng".

## STATEMENT OF CLAIMS

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of Plaintiffs and the FLSA Collective]**

24.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

25.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

26.     At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

27.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

28.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

29.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

30.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

31.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT II**
**[Violation of New Jersey Wage and Hour Law—Minimum Wage**

**Brought on behalf of Plaintiff]**

32.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

33.     At all times relevant to this action, Plaintiff and Class members were employed by Defendants within the meaning of New Jersey Statutes Annotated 34:11-56a1(h).

34.     At all times relevant to this action, Defendants were employers within the meaning of New Jersey Statutes Annotated 34:11-56a1(g).

35.     Defendants willfully failed to record, credit, or compensate Plaintiff and Class members the applicable minimum hourly wage, in violation of the New Jersey Minimum Wage Standards, specifically New Jersey Statutes Annotated 34:11-56 and applicable regulations.

36.     Due to Defendants' violations of the New Jersey Wage and Hour Law, Plaintiff and Class members are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages as well as reasonable attorney's fees and costs of the action, pursuant to the New Jersey Wage and Hour Law, specifically New Jersey Statutes Annotated 34:11-56a25, all in an amount to be determined at trial.

**COUNT III**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

37.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

38.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half

times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

39.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

40.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

41.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a  half  to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours  per  workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

42.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

43.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

44.     Defendants knowingly and willfully disregarded the provisions of the  FLSA  as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT IV**
**[Violation of New York Labor Law—Overtime Pay**

**Brought on behalf of Plaintiff and the Rule 23 Class]**

45.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

47.     Defendants' failure to pay Plaintiff was not in good faith.

48.     By failing to pay Plaintiff, the Plaintiff is entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a et seq.

## Prayer For Relief

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective plaintiffs, respectfully request that this court enter a judgment providing the following relief:

a)     Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)     Certification of this case as a collective action pursuant to FLSA;

c)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual

11

Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New Jersey Wage and Hour Law;

e)  An injunction against Defendants, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)  An award of unpaid wages, minimum wages and overtime premiums due Plaintiff and the Collective Action members under the FLSA and New Jersey Wage and Hour Law, plus compensatory and an equal amount as liquidated damages;

g)  An award of unpaid overtime wages due under FLSA and New Jersey Wage and Hour Law;

h)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

i)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL §34:11-56.8;

j)  The cost and disbursements of this action;

k)  An award of prejudgment and post-judgment fees;

l)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
February 25, 2019

Respectfully Submitted,

HANG & ASSOCIATES, PLLC


By: _____s/ Ge Qu_____
Ge Qu
136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: rqu@hanglaw.com

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by JC 97 Inc.d/b/a Shanghai Best and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Jin Lin Yuan_
Full Legal Name (Print)

_Jin Lin Yuan_
Signature

_12/24 2018_
Date